UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS NIMELY,                                              **ECF CASE**

                Plaintiff,                    **COMPLAINT**
    v.
                              **12 CV 1629 (NRB)**
LIBERTY STREET REALTY LLC and
FINANCIER PATISSERIES LLC
D/B/A/ FINANCIER,
                                 **JURY TRIAL REQUESTED**
                Defendants.
------------------------------------------------------------x

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Thomas Nimely (hereafter referred to as "plaintiff"), by its counsel, the Hanski Law Practice, LLC, as and for its Complaint in this action against Defendants, Liberty Street Realty LLC and Financier Patisseries LLC, d/b/a/ Financier, (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges claims for Negligence. As explained more fully below, defendants own, lease, lease to,

1

operate and control a place of public accommodation that violates the above-mentioned laws.

2.      These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never get caught.  In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendants to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, plaintiff Thomas Nimely has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, plaintiff Thomas Nimely has been and remains a wheelchair user. Plaintiff is a paraplegic and is unable to travel without the use of a wheelchair.

7. Defendant Liberty Street Realty LLC owns the property located at 35 Cedar Street in New York County (hereinafter referred to as "35 Cedar Street").

8. Defendant Liberty Street Realty LLC is licensed to do, and does, business in New York State. Defendant Financier Patisseries LLC is licensed to do, and does, business in New York State.

9. At all relevant times, defendant Financier Patisseries LLC operates and/or leases property located at 35 Cedar Street (the "Financier Patisseries LLC Premises") from the defendant Liberty Street Realty LLC.

10. Upon information and belief, Defendant, Liberty Street Realty LLC, and defendant, Financier Patisseries LLC, have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Each of the defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the Financier Patisseries LLC Premises located at 35 Cedar Street, within the meaning of the ADA (42 U.S.C. §

3

12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

12. At all relevant times, defendant Financier Patisseries LLC, among other things, operates a restaurant on the Financier Patisseries LLC Premises.

13. The Financier Patisseries LLC Premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity as a restaurant, and its operations affect commerce.

14. Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

15. Upon information and belief, 35 Cedar Street was designed and constructed for first occupancy after January 26, 1993.

16. At some time after January 1992, defendant Liberty Street Realty LLC made alterations to 35 Cedar Street, including areas adjacent and/or attached to 35 Cedar Street.

17. At some time after January 1992, defendant Liberty Street Realty LLC made alterations to the Financier Patisseries LLC Premises, and to areas of 35 Cedar Street related to the Financier Patisseries LLC Premises.

18. At some time after January 1992, defendants made alterations to the primary function areas of the Financier Patisseries LLC Premises and 35 Cedar Street that relate to the Financier Patisseries LLC Premises.

19. Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendants have made alterations to the Financier Patisseries LLC Premises, and to areas of 35 Cedar Street related to the Financier Patisseries LLC Premises.

20. Within a year of commencing this action, plaintiff made attempts to access the Financier Patisseries LLC Premises.

21. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice as the Standards for Accessible Design ("Standards").

22. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 *et. seq.*

23. Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the Standards and the Administrative Code, plaintiff was and

has been unable to enjoy equal and complete access to defendants' place of public accommodation.

24.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the Standards or the Administrative Code.

25.     Barriers to access that plaintiff encountered and/or that exist at the defendants' place of public accommodation include, but are not limited to, the following:

A. Defendants' failure to provide an accessible public entrance as the entrance is elevated above the public sidewalk.  See 28 C.F.R. § 36.304(c); and Standards §§ 4.1.6(2); 4.1.3(8); and 4.14.

B. Defendants' failure to provide an accessible primary entrance to defendants' place of public accommodation.  See Administrative Code §§ 27-292.5(a) and 27-357(d).

C. Defendants' failure to provide an accessible route to the primary entrance from public sidewalk and/or street.  See Administrative Code § 27-292.5(b).

D. Defendants' failure to provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance. See Standards § 4.3.2.

E. Defendants' failure to provide and display directional signs indicating the location of a designated accessible entrance at the inaccessible public entrance. See Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.2, 4.30.3 and 4.30.5.

F. Defendants' failure to provide and display the International Symbol of Accessibility at an accessible entrance. See Standards §§ 4.1.2(7)(c) and 4.30.7.

G. Defendants' failure to provide accessible entrances in a number at least equivalent to the number of exits required by the New York Building and Fire Codes.  See Standards § 4.1.3(8)(a)(ii); and Administrative Code §§ 24-354, 24-365, and 27-365.

H. Defendants' failure to provide that the interior space of defendants' place of public accommodation is accessible and usable to the disabled plaintiff.  See Administrative Code § 27-292.10.

I. Defendant Liberty Street Realty LLC's failure to provide an accessible entrance to its tenant, defendant Financier Patisseries LLC.  See Standards § 4.1.3(a)(ii).

J. Defendants' failure to provide an accessible interior route.  See Standards §4.3.3.

K. Defendants' failure to provide sufficient clear space to make a 180-degree turn within the interior space of defendants' place of public accommodation.  See Standards § 4.2.3.

L. Defendants' failure to provide a portion of the sales counter that is no greater than 36 inches above the finish floor and no less than 36 inch in length. See Standards § 7.2(1).

M. Defendants' failure to provide that a portion of the counter where food is ordered is no greater than 36 inches above the finish floor and no less than 36 inch in length, and no auxiliary counter is provided. See Standards § 7.2(2).

N. Defendants' failure to provide that the public toilet room within defendants' public accommodation is accessible to the disabled plaintiff.  See Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c).

O. Defendants' failure to provide that the ramp on the side of the property has handrails on both sides, as there are no handrails. See Standards §§ 4.1.3(1), 4.3.7, and 4.8.5.

P. Defendants' failure to provide that the ramp on the side of the property has a 60-inch level landing after each 30 inches of rise.  See Standards § 4.8.2.

Q. Defendants' failure to provide that the two doors in a series at the entrance to defendants' place of public accommodation has 48 inches of space between them, and that the two doors do not swing in same direction or away from space between.  See Standards § 4.13.7.

R. Defendants' failure to provide that its self-service shelves and dispensing devices for condiments, food, beverages, dishware, tableware, utensils and napkins are at an accessible height.  See Standards §§  5.6, 4.2 and Fig. 54.

S. Defendants' failure to provide that the pipes under the lavatory in the toilet room are not exposed.  See Standards  §§ 4.19.4 and 4.24.6.

T. Defendants' failure to provide that the pipes under the lavatory in the toilet room do not have sharp and abrasive surfaces. See Standards § 4.19.4 and 4.24.6.

U. Defendants' failure to provide that the lavatory in the toilet room has the required minimum maneuvering space in front.  See Standards §§ 4.93 and 4.24.5.

V. Defendants' failure to provide that the grab bars in the public toilet room are no greater than 36 inches in height from the finished floor.  See Standards §§ 4.17.3 and 4.17.6.

W. Defendants' failure to provide that the toilet paper dispenser in the public toilet room is properly located as it is located above the grab bar.  See Standards § 4.16.6and Fig. 29(b).

X. Defendants' failure to provide that the toilet room lacks sufficient clear floor space.  See Standards § 4.16.2.

Y. Defendants' failure to provide that the hook in the public toilet room is located at an accessible height.  See Standards §§ 4.22.7 and 4.23.7.

26. Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

27. Defendants' failure to make their place of public accommodation accessible denies plaintiff the opportunity to participate in or benefit from services or accommodations on the basis of disability.

28. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures and reasonable accommodations for persons with disabilities are compliant with the laws.  Nor have defendants made or provided reasonable accommodations to persons with disabilities.

29. Defendant Liberty Street Realty LLC has failed to ensure that its lessee's place of public accommodation is in compliance with the Standards and the Administrative Code.

30. The barriers to access within defendants' place of public accommodation continue to exist.

31. Plaintiff frequents the defendants' neighborhood and patronizes the stores and restaurants in the neighborhood.

32. Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the Standards and the Administrative Code.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

33. Plaintiff is a paraplegic and thus has a disability within the meaning of the ADA. As a direct and proximate result of plaintiff's disability, plaintiff cannot walk and uses a wheelchair for mobility.

34. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

35. Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

36. Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.

37.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

38.     Defendants have discriminated against the plaintiff by designing and constructing a building, facility and place of public accommodation after January 26, 1993 that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

39.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

40.     Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

41.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

42.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

43. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

44. In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

45. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

46. Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

### SECOND CAUSE OF ACTION
**(Violation of New York State Executive Law)**

47. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

48. Plaintiff is a paraplegic and thus suffers from a disability within the meaning of the Executive Law § 296(21).

49. Defendants' have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

50. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

51. Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

52. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

53. In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

54. It would be readily achievable to make defendants' place of public accommodation fully accessible.

55. It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

56. As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

57. Plaintiff has suffered damages in the amount of at least **$50,000.00** (**FIFTY THOUSAND DOLLARS**) from each defendant and the total amount shall be determined at trial before a jury.

### THIRD CAUSE OF ACTION
**(Violation of the Administrative Code of the City of New York)**

58. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

59. Plaintiff is a paraplegic and thus suffers from a disability within the meaning of the Administrative Code § 8-102(16).

60. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

13

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added).

61. Administrative Code §8-130 is to be construed broadly in favor of plaintiff to the fullest extent possible. *Albunio v. City of New York*, 16 N.Y.3d 472, 922 N.Y.S.2d 244 (N.Y. Court of Appeals, March 31, 2011).

62. Defendants' have and continue to subject plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4).

63. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Defendant, Liberty Street Realty LLC controls, manages and operates the public sidewalk abutting its 35 Cedar Street property, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

64. Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

65. As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer

emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

66. Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

67. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

68. Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

69. By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

70. Plaintiff has suffered damages in the amount of at least **$50,000.00 (FIFTY THOUSAND DOLLARS**) from each defendant and the total amount shall be determined at trial before a jury.

**FOURTH CAUSE OF ACTION**
**(Violations of New York State Civil Rights Laws)**

71. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

72. Defendants discriminated against plaintiff pursuant to New York State Executive Law.

73. Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of **$500.00 (Five Hundred Dollars)** per defendant for each and every barrier and violation.

74. Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**FIFTH CAUSE OF ACTION**
**(Common Law Negligence)**

75. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

76. Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 35 Cedar Street in a manner that has rendered their place of public accommodation inaccessible to the disabled plaintiff.

77. At all relevant times, defendants have had a duty to design, construct, operate, repair, and maintain their place of public accommodation located at 35 Cedar

Street in a manner that is accessible to the disabled plaintiff, including a duty to comply with the Administrative Code.

78.     Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 35 Cedar Street in a manner that has rendered it inaccessible to the disabled plaintiff, and by violating the Administrative Code sections cited herein.

79.     Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 35 Cedar Street in a manner that is accessible to the disabled plaintiff has proximately caused plaintiff to be unable to enjoy full and equal access to defendants' place of public accommodation.

80.     Defendants have had actual and constructive notice that their place of public accommodation located at 35 Cedar Street is not accessible to the disabled. The inaccessibility of defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the defendants to discover and remedy the numerous inaccessibility conditions.

81.     As a direct result of defendants' negligence, plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

**INJUNCTIVE RELIEF**

82.     Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief

is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

83. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

84. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

85. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEYS' FEES, EXPENSES AND COSTS

86. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that defendants' have violated the ADA, the Standards, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B. Issue a permanent injunction ordering **defendants to close and cease all business at the Financier Patisseries LLC Premises** until defendants remove all violations of the ADA, the Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Find defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law pursuant to New York State Civil Rights Law § 40-d

E. Award at least **$50,000.00 (FIFTY THOUSAND DOLLARS)** to plaintiff as Compensatory damages, per defendant, plus pre-judgment interest, as a result of defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

F. Award at least **$50,000.00** (**FIFTY THOUSAND DOLLARS**) to plaintiff as Punitive damages, per defendant, in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

G. Award plaintiff **$500.00** (**FIVE HUNDRED DOLLARS**) for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I. Find that plaintiff is a prevailing party in this litigation and award reasonable attorneys' fees, costs and expenses pursuant to the ADA; and

J. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable

Dated: March 5, 2012
      New York, New York

                                        Respectfully submitted,

                                        **HANSKI LAW PRACTICE, LLC**
                                        Attorneys for Plaintiff

                                        By:_____

                                        Adam S. Hanski, Esq.
                                        110 Wall Street, 11th Floor
                                        New York, New York 10005
                                        Telephone: (212) 248-7400
                                        Facsimile: (212) 248-5600
                                        Email:    ahanski@hanski-law.com